## UNITED STATES ex rel. LOULADJIAN v. COMMISSIONER OF IMMIGRATION.

(Circuit Court of Appeals, Second Circuit. February 20, 1925.)

No. 190.

Aliens ☞51½, New, vol. 16A Key-No. Series —Immigrants in excess of quota held not entitled to admission; "last port" of departure for United States.

Turkish immigrants in excess of the quota of that nationality admissible under Act May 19, 1921, § 2, as amended (Comp. St. Ann. Supp. 1923, § 4289½a), who arrived at a port of France before May 26, 1924, but did not leave that port for the United States until May 31, *held* not entitled to admission under Resolution of Congress of June 7, 1924, permitting the admission of such aliens arriving in the United States after May 26 and before July 1, 1924, "who departed for the United States from the last port outside the United States * * * on or before May 26, 1924, believing in good faith that they would be admitted," pursuant to the statute as then construed.

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus on the relation of Melkan Louladjian against the Commissioner of Im-

migration. From an order dismissing the writ, relator appeals. Affirmed.

Andrew E. Delaney, of New York City (B. F. Sturgis, of New York City, of counsel), for appellant.

William Hayward, U. S. Atty., of New York City (James C. Thomas, of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Araski Louladjian, with her two sons, natives of Kharpoot, Turkey, left Aleppo, Syria, on May 15, 1924, intending to join her husband, the father of the children, in the United States. She bought a through ticket from Beirut, Syria, to New York. Her husband was a professional pharmacist, and she sought admission upon the rights accorded to immigrants' wives and children under our decision in the Gottlieb Case, 285 F. 295. She was on her journey when the Supreme Court reversed the Gottlieb decision on May 26, 1924. 261 U. S. 611, 43 S. Ct. 364, 67 L. Ed. 826. The decision of the Supreme Court held that the wife and children of a professional class of which the husband was a member were not entitled to admission to the United States when the quota for their nationals had become exhausted prior to their application for admission. The petitioner alleges that his wife and children arrived at Havre, France, on May 23, 1924, and on May 31, 1924, the wife and children left Havre for New York. They arrived at the port of New York on June 7, 1924, and their admission was refused after a hearing before the board of special inquiry at Ellis Island, New York Harbor, for the reason that they were placed in the class of aliens coming in excess of the quota allotted to the natives of Turkey, the country of their birth. After an appeal to the Secretary of Labor, who affirmed the excluding decision of the board, they sued out a writ of habeas corpus. This writ was dismissed in the court below, and they now seek to review that determination here.

Petitioner argues that by reason of a resolution of the Congress of the United States on June 7, 1924, they are entitled to admission, because they were aliens who had arrived in the United States after May 26 and before July 1, 1924, saying that they had departed for the United States from the last port outside the United States on or before May 26, 1924, believing in good faith that they would be admitted pursuant to the construction of the Act of May 19, 1921 (Comp. St. Ann. Supp. 1923, § 4289½ et seq.), by the decision of this court. The joint resolution of Congress approved June 7, 1924 (43 Stat. 669), is as follows:

"That the following aliens arriving in excess of quotas fixed under authority of the act entitled 'An act to limit the immigration of aliens into the United States,' approved May 19, 1921, as amended and extended, may if otherwise admissible and if not subject to deportation for other causes, be permitted to enter and remain in the United States without regard to the provisions of such Act of May 19, 1921, as amended and extended:

"(1) Aliens heretofore admitted in excess of quota and charged to the quota of a later month;

"(2) Aliens heretofore admitted under a construction of such Act of May 19, 1921, required by court decisions;

"(3) Aliens arriving in the United States after May 26 and before July 1, 1924, who departed for the United States from the last port outside the United States or outside foreign contiguous territory on or before May 26, 1924, believing in good faith that they would be admitted pursuant to a construction of such Act of May 19, 1921, required by court decisions; and

"(4) Aliens heretofore temporarily admitted under bond to relieve cases of extreme hardship."

The applicants for admission say that they come within the provisions of subdivision 3 of that resolution. It is clear that Congress intended to alleviate certain hardships and disappointments of aliens who had started on their journey to the United States believing that they were entitled to admission under the Gottlieb decision. But on May 26, 1924, the steamship companies, at least, were advised of the result in the Supreme Court which excluded the applicants at bar. The applicants had five days before leaving Havre, France, within which to be advised of the determination of the Supreme Court.

The question for us to determine is what was intended by Congress by the reference to aliens "who departed for the United States from the last port outside the United States, or outside foreign contiguous territory, on or before May 26, 1924." An examination of the report of the committee which prepared and submitted the resolution indicates that it was the intent of Congress to grant relief to aliens arriving in the United States after May 26th and before July 1st, and who had departed for the United States on or before May 26th, believing in good faith that they would be admitted. It was

said that the resolution "would permit all those to enter who embarked for this country at any time prior to May 26, 1924." In the Senate before the committee of the whole (Congressional Record June 7, 1924, p. 11213) it was said: "It applies to approximately 8,800 aliens who are now here and about 500 who are now on the ocean."

The courts have recourse to the reports of the committees in trying to ascertain the intent of the action of Congress. United States v. Wong Kim Ark, 169 U. S. 649, 18 S. Ct. 456, 42 L. Ed. 890; Duplex Co. v. Deering, 254 U. S. 443, 41 S. Ct. 172, 65 L. Ed. 349, 16 A. L. R. 196. But we deem the language of the resolution unambiguous and precise. It must be applied with the force accorded to the plain meaning of the phrase employed. Luria v. United States, 231 U. S. 9, 34 S. Ct. 10, 58 L. Ed. 101. The phrase "who departed for the United States from the last port outside of the United States," in this instance, we hold, means the port of Havre, France. That was the "last port outside the United States." This is what Congress intended, as the court below properly held.

Order affirmed.